# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0148V
Filed: July 11, 2018
UNPUBLISHED

| | |
|---|---|
| JEFFREY HEANEY,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.
*Althea Walker Davis, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 31, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. On May 23, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 39.)

On June 25, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 43). Petitioner requests attorneys' fees in the amount of $12,900.50 and attorneys' costs in the amount of $787.90. *Id.* at 2. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id* at 2. Thus, the total amount requested is $13,688.40.

On July 9, 2018, respondent filed a response to petitioner's motion. (ECF No. 44). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

By email communication on July 10, 2018, petitioner's counsel stated that they did not intend to file a reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $13,688.40[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jeffrey S. Pop.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                  **s/Nora Beth Dorsey**
                                                  Nora Beth Dorsey
                                                  Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.